# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUANE HENRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5011** |
| **N. BURL CAIN, WARDEN** | **SECTION "S"(4)** |

## ORDER AND REASONS

Before the Court is the petitioner Duane Henry's **Motion for Appointment of Counsel (Rec. Doc. No. 15)** seeking counsel to assist with his federal habeas petition.   Henry asserts that the claim challenging his unconstitutional life sentence warrants appointment of counsel.

Despite his suggestion to the contrary, Henry's case is a non-capital proceeding.   It is well settled that a petitioner has no right to appointment of counsel in a non-capital federal habeas proceeding.   *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no constitutional right to counsel in habeas corpus proceedings); *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004).   The benefit of appointed counsel is <u>only</u> required when the Court determines that an evidentiary hearing is to be held on an initial, non-capital § 2254 petition.   *See* Rule 8(c), Rules Governing § 2254 Cases; *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011).   Henry's petition does not warrant an evidentiary hearing under 28 U.S.C. § 2254(e)(2).[1]   *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016); *see also*,

---

[1] 28 U.S.C. § 2254(e)(2) provides as follows:

(2)   If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --

(A)   the claim relies on -- (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii)   a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Williams v. Taylor*, 529 U.S. 420, 432 (2000) ("failed to develop" means a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.").

The Court also may appoint counsel if the interests of justice so require.   *See* 18 U.S.C. § 3006A; 28 U.S.C. § 1915(e)(1); *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *accord*, *Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this.").   However, "[i]f the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel." *Jackson v. Warden, West Monroe City Jail*, No. 06-1425, 2006 WL 4041524, at *2 (citing *United States v. Vasquez*, 7 F.3d 81 (5th Cir. 1993)).

The Court can and will resolve the case based on the record and applicable Supreme Court law upon receipt of the supplemental briefing ordered from the State.   *See* Rec. Doc. No. 16.   The issues before the Court, while significant, are not so complex to warrant appointment of counsel. The Court does not find that the interests of justice dictate appointment of counsel at this time. *See Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008); *Reese v. Cain*, No. 07-30027, 2008 WL 344765, at *2 (5th Cir. Feb. 7, 2008).   Accordingly,

**IT IS ORDERED** that Henry's **Motion to Appoint Counsel (Rec. Doc. No. 15)** is **DENIED**.

New Orleans, Louisiana, this  8th  day of July, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**